## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK JON KRATZER,

                                      Plaintiff,

vs.                                                      CASE NO.:

                                                         **JURY TRIAL DEMANDED**

INSTACART, INC.,

                                      Defendant.

## COMPLAINT

Mark Jon Kratzer ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Instacart, Inc. ("Defendant" or "Instacart") for actual, statutory, and punitive damages, costs, and attorney's fees, for violations of Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. §§ 9101 *et seq.* and states as follows:

## INTRODUCTION

1.      Criminal history data records are readily available through public and private providers and, as a result, employers often conduct criminal background checks on job applicants and prospective hires. A criminal history record report containing prior arrests or convictions can severely hinder a job candidate's current and future employability despite his skill-level and experience in the field. Individuals can and do sustain substantial damages, both economically and emotionally, when employers decline to hire them due to their criminal history record information. A criminal history results in collateral consequences that expand an individual's punishment beyond that originally contemplated by the criminal justice system.

1

2.      Acknowledging this potential for harm, Pennsylvania law, pursuant to the Criminal History Record Information Act ("CHRIA"), provides important substantive and procedural protections to job applicants with criminal records and limits employers use of criminal history record information when deciding whether to hire a job applicant. Unfortunately, many employers do not comply with the CHRIA.

3.      The CHRIA applies to all Pennsylvania employers that are deciding whether to hire an applicant based in whole or in part on the basis of the applicant's criminal history record information. This includes applicants who have been conditionally hired and are being considered for permanent employment.

4.      The CHRIA states that felony and misdemeanor convictions may be considered by an employer *only* to the extent to which the convictions relate to the applicant's suitability for employment in the position for which he or she has applied.

5.      When making hiring decisions, the CHRIA forbids employers from considering arrests, charges, or other engagements with the criminal justice system—including summary offenses (often called "non-traffic citations," which only result in a fine)—that did not result in felony or misdemeanor convictions.

6.      The CHRIA requires that when an employer denies a job application in whole or in part on the basis of criminal history record information, the employer must notify the applicant in writing of the basis for its decision.

7.      Plaintiff's claims arise out of Instacart's refusal to employ him as a Delivery Driver based solely on criminal history record information contained in a background check report provided by non-party, Checkr, Inc. ("Checkr"), which reported a trespass summary offense completely unrelated to the driving position for which Plaintiff applied.

## THE PARTIES

8.     Plaintiff Mark Jon Kratzer ("Plaintiff") is a 55-year-old male who resides in the City of Hatfield, County of Montgomery, Commonwealth of Pennsylvania. Plaintiff is a veteran who honorably served his country and previously worked in the healthcare industry as a registered nurse. Plaintiff is a "job applicant" as defined under the CHRIA.

9.     Defendant Instacart, Inc. ("Defendant" or "Instacart") is an American company that offers local delivery of groceries and other goods. Instacart is incorporated in Delaware, headquartered in San Francisco, California, and regularly conducts business in cities nationwide, including Hatfield, Pennsylvania. Instacart is an "employer" as defined under the CHRIA.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00 and involves citizens of different states.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

12.     For several years of his life, Plaintiff suffered from a gambling addiction and sought treatment to overcome his addiction in or about 2016. As part of his treatment, Plaintiff placed himself on the self-exclusion list at the Parx Casino, which is located in Bensalem, Pennsylvania.

13.     On December 4, 2016, while still in recovery and on the Parx Casino self-exclusion list, Plaintiff visited the Sands Casino and Hotel in Bethlehem, Pennsylvania, hit a jackpot, and stayed around to collect it. After collecting the jackpot that he was rightfully entitled to, two security guards approached Plaintiff and escorted him off the premises because, unbeknownst to

him, being on the self-exclusion list at Parx Casino also meant that he was excluded from gambling at Sands Casino and Hotel.

14.     Shortly thereafter, Plaintiff was cited with a summary offense, often called a "non-traffic citation," for defiant trespass in Northampton County, Pennsylvania, due to his presence at the Sands Casino and Hotel.

15.     On December 9, 2016, Plaintiff failed to attend his scheduled court appearance to contest the citation and, consequently, the court entered a guilty plea. Thereafter, Plaintiff was ordered to pay a small fine and his summary offense was entered into public record.

16.     Plaintiff has never been convicted of a felony or a misdemeanor in his life.

17.     Over three years later, in April 2020, Plaintiff applied for a Delivery Driver position with Instacart in Montgomery County, Pennsylvania.

18.     The primary job responsibilities of Instacart delivery drivers include picking up groceries and other goods and delivering them to customers at their assigned destination while using the Instacart Shopper smartphone application ("Instacart Shopper App") to locate customers, track trips, and respond to customer calls and communications.

19.     In or about the week of April 9, 2020, Plaintiff received an email from Instacart, which confirmed receipt of his online application and contained a conditional offer of employment subject to the successful completion of a background check.

20.     Instacart contracts with Checkr, Inc., a consumer reporting agency, for the preparation of criminal background check reports ("employment reports") on its prospective employees.

21.     On April 9, 2020, Checkr completed Plaintiff's employment report and provided a copy to Instacart.

22.     Instacart became "in receipt" of Plaintiff's criminal history record information, as defined under 18 Pa. Cons. Stat. § 9125(a), when it received Checkr's employment report regarding Plaintiff on April 9, 2020.

23.     At the top of the first page of the employment report, Checkr listed Plaintiff's overall status as "Consider."

24.     More specifically, under the "National Search" and "County Search" categories, Checkr reported the following summary offense record from Northampton County, Pennsylvania:



25.     Pursuant to 18 Pa. Cons. Stat. § 9125(b), employers, like Instacart, may only consider "felony and misdemeanor convictions" when rejecting a job applicant; such employers may never consider summary offenses under Pennsylvania law.

26.     The single summary offense flagged in Plaintiff's employment report does not relate in any way to his suitability for the Instacart Delivery Driver position for which he applied.

27.     Shortly thereafter, Plaintiff received an Adverse Action Notice from Instacart notifying him that his employment application was denied due to his failure to meet the background check requirements.

28.     Under Pennsylvania law, Instacart's decision to decline Plaintiff's employment application is a "hiring" decision for purposes of the CHRIA.

29.     After receiving Checkr's employment report on or about April 9, 2020, Instacart willfully decided not to extend Plaintiff an offer of employment solely on the basis of criminal history record information contained in the Checkr employment report.

30.     As a result of Instacart's conduct, action, and inaction, Plaintiff suffered actual damages including loss of employment, damage to his reputation, and lost wages.

## CLAIMS FOR RELIEF

### COUNT I
### 18 Pa. Cons. Stat. § 9125(a)
### Violation of § 9125(a) of the Criminal History Record Information Act

31.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-30 as if fully stated herein.

32.     The CHRIA, 18 Pa. Cons. Stat. § 9125(a), states that employers who are in receipt of information which is a part of a job applicant's criminal history record information file may only use such information for the purpose of deciding whether to hire the applicant in accordance with Section 9125 of the CHRIA.

33.     Defendant violated 18 Pa. Cons. Stat. § 9125(a) when it willfully decided not to hire Plaintiff based on information that was part of his criminal history record information file, and Plaintiff's summary offense for defiant trespass did not relate to his suitability for employment

in the position at Instacart nor was it a misdemeanor or felony offense and, thus, cannot, in whole or in part, legally form the basis for a Pennsylvania employer's decision not to hire him.

34.     As a result of Defendant's conduct, action, and inaction, Plaintiff suffered actual damages including loss of employment, damage to his reputation, and lost wages.

35.     Defendant's action, inaction, and conduct was willful, rendering it liable under 18 Pa. Cons. Stat. § 9125(a).

**COUNT II**
**18 Pa. Cons. Stat. § 9125(b)**
**Violation of § 9125(b) of the Criminal History Record Information Act**

36.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-35 as if fully stated herein.

37.     The CHRIA, 18 Pa. Cons. Stat. § 9125(b), prohibits employers from considering information on charges not resulting in convictions in hiring decisions, and permits the consideration of felony and misdemeanor convictions only to the extent to which they relate to the job applicant's suitability for employment in the position for which he applied.

38.     Defendant violated 18 Pa. Cons. Stat. § 9125(b) when it willfully decided not to hire Plaintiff based on information that was part of his criminal history record information file, and Plaintiff's summary offense for defiant trespass did not relate to his suitability for employment in the position at Instacart for which he applied nor was it a felony or misdemeanor conviction and, thus, cannot, in whole or in part, legally form the basis for a Pennsylvania employer's decision not to hire him.

39.     As a result of Defendant's conduct, action, and inaction, Plaintiff suffered actual damages including loss of employment, damage to his reputation, and lost wages.

40. Defendant's action, inaction, and conduct was willful, rendering it liable under 18 Pa. Cons. Stat. § 9125(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Award injunctive relief, pursuant to 18 Pa. Cons. Stat. § 9183(a), compelling Defendant to discontinue its practice of violating 18 Pa. Cons. Stat. § 9125 in its hiring processes and providing a system to monitor compliance;

b) Award Plaintiff actual and real damages not less than $100 for each of these violations, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2);

c) Award Plaintiff exemplary and punitive damages not less than $1,000 and not more than $10,000 for each of these violations, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2);

d) Award Plaintiff his reasonable costs of litigation and attorneys' fees, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2); and

e) Award Plaintiff any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands a trial by jury.

Dated: February 8, 2022          BERGER MONTAGUE PC

Jacob M. Polakoff, PA Bar No. 204124
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
Email: jpolakoff@bm.net

8

Kaylynn A. Johnson, MN Bar No. 0401486*
Hans W. Lodge, MN Bar No. 0397012*
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 607-7794
Fax: (612) 584-4470
Email: hlodge@bm.net
*Pro Hac Vice Forthcoming

ATTORNEYS FOR PLAINTIFF